UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNA MAULER, | ) |
|       Plaintiff, | ) |
| v. | ) No. 4:17-CV-02219 JAR |
| HEARTLAND AUTOMOTIVE SERVICES, INC., d/b/a Jiffy Lube, | ) |
| and | ) |
| RAPHAEL DORIETY, | ) |
|       Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Heartland Automotive Services, Inc., d/b/a Jiffy Lube, and Raphael Doriety's Motion to Dismiss. (Doc. 5.) Plaintiff Jenna Mauller has filed a Response in Opposition (Doc. 7), and Defendants have filed a Reply in Support (Doc. 8).

**I.  Background**

Plaintiff alleges the following facts in her complaint: She was hired in August 2015 to work at the Jiffy Lube on North New Florissant Road in Florissant, Missouri, where Doriety was employed as a supervisor. (Doc. 1 at 2.) On August 25, 2015, "[a]fter making several sexually suggest[ive] comments to [Plaintiff], Doriety grabbed [Plaintiff's] breasts." (*Id*.) "Soon thereafter," Doriety asked Mauller to join him in the office at the Jiffy Lube. (*Id*.) When Plaintiff entered, Doriety closed and locked the door and positioned himself between Plaintiff and the exit. (*Id*.) Doriety intimated that he would help Plaintiff with payroll issues and schedule her for additional hours in exchange for sexual favors. (*Id*. at 3.) He "then moved

toward [Plaintiff] and unzipped the fly of his pants and said: 'I need some assistance.'" (*Id*.) Plaintiff asked Doriety to unlock the door, left work, and reported the incident to police. (*Id*.) She did not return.

On February 17, 2016, Plaintiff requested Right to Sue Letters from the Equal Employment Opportunity Commission ("EEOC") and the Missouri Human Rights Commission ("MHRC"). (Doc. 7 at 1.) On August 7, 2017, Plaintiff filed this suit, alleging discrimination under Title VII and assault, battery, and false imprisonment under Missouri law. (Doc. 1 at 3-5.) Defendants moves to dismiss Plaintiff's Title VII claim as untimely and urges the court to decline to exercise supplemental jurisdiction over Plaintiff's remaining Missouri tort claims. (Doc. 5 at 6.) Defendants also argue that Plaintiff's state-law claims are barred by issue preclusion and fail on the merits. (*Id*. at 7-8.)

**II. Analysis**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 768 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Defendants first argue that the Court should dismiss Plaintiff's Title VII claim as time-barred. (Doc. 5 at 4-6.) Title VII claims must be brought within ninety days of the date on which Plaintiff receives the EEOC's right to sue letter. 42 U.S.C. § 2000e-5(f)(1). The EEOC mailed its letter on March 23, 2016. (Doc. 1-2.) Defendants state in their Reply that they received a copy of the letter on March 25, 2016 (Doc. 8 at 2, n.2), but Plaintiff asserts that she

did not receive her copy until August 4, 2017, more than sixteen months after it was mailed (Doc. 1 at 3).

Defendants correctly assert that EEOC letters are presumed to have been delivered three days after they are mailed. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (citing Fed. R. Civ. P. 6). However, Plaintiff's assertion that the letter arrived on August 4, 2017, is a factual matter that the Court is required to accept as true for purposes of the instant motion. The Court therefore concludes that the allegations in Plaintiff's August 7, 2017, complaint are sufficient to rebut the presumption and to survive dismissal as to the timeliness issue.

Defendants do not address the merits of Plaintiff's Title VII claim in their argument. (*See* Docs. 5, 8.) Nevertheless, the Court finds that Plaintiff has not alleged sufficient factual matter to allow the Court to draw the reasonable inference that the Defendants are liable for the misconduct Plaintiff described. *See Iqbal*, 556 U.S. 662, 768 (2009).

"[A] plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). To establish a prima facie hostile work environment claim based on sexual harassment, Plaintiff must show that:

> (1) she was a member of a protected group;
> (2) she was subject to unwelcome harassment;
> (3) the harassment was based on sex;
> (4) the harassment "affected a term, condition, or privilege of employment;" and
> (5) her employer knew or should have known of the harassment and failed to take appropriate remedial action.

*Duncan v. Cty. of Dakota, Neb.*, 687 F.3d 955, 959 (8th Cir. 2012) (quoting *Sutherland v. Missouri Dep't of Corr.,* 580 F.3d 748, 751 (8th Cir. 2009)).

The allegations in Plaintiff's complaint, accepted as true, are sufficient to establish the first three elements: As a woman, Plaintiff is a member of a protected group, 42 U.S.C. § 2000e-2(a)(1), and she alleged unwelcome harassment by her supervisor because of her sex, *see Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 ("Courts and juries have found the inference of discrimination easy to draw in most male-female sexual harassment situations, because the challenged conduct typically involves explicit or implicit proposals of sexual activity.")

Favorably read, Plaintiff's complaint also includes sufficient facts from which the Court can infer that Doriety's behavior "affected a term, condition, or privilege of employment" as that element is applied in Title VII claims, *Duncan*, 687 F.3d at 959. "The fourth element involves both objective and subjective components." *Baker v. John Morrell & Co.*, 382 F.3d 816, 828 (8th Cir. 2004) (citing *Duncan v. General Motors Corp.*, 300 F.3d 928, 933 (8th Cir. 2002)). "The harassment must be 'severe or pervasive enough to create an objectively hostile or abusive work environment' and the victim must subjectively believe her working conditions have been altered." *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993)). Courts consider the "frequency of the behavior, its severity, whether physical threats are involved, and whether the behavior interferes with plaintiff's performance on the job." *Id.* (citing *Duncan*, 300 F.3d at 934).

As alleged, Doriety's harassment was isolated but severe. Plaintiff alleges two separate instances of harassment; one in which Doriety made "several sexually suggest[ive] comments" before "grabb[ing her] breasts" and a second in which Doriety locked himself and Plaintiff in his office, blocked the door, twice suggested a quid pro quo for sex, and then approached her with his pants unzipped while requesting "assistance." (Doc. 1 at 3.) The Court concludes that Plaintiff subjectively believed that the conditions of her continued employment at Jiffy Lube

would be altered going forward and that Doriety's alleged behavior is objectively severe enough to survive dismissal. *See Baker*, F.3d at 828.

That said, Plaintiff does not allege that Heartland knew or should have known about the harassment and failed to act. (*See* Doc. 1.) To the contrary, she states that she simply left the Jiffy Lube and never returned. (*Id*. at 3.) The opportunity to remedy harassment is a required element of any hostile-work-environment claim. *Duncan*, 687 F.3d at 959. Because Plaintiff did not allow Heartland a chance to correct the harassment, the Court cannot infer that Heartland is unwilling or unable to do so. Plaintiff has therefore failed to allege facts from which the Court can infer the existence of a hostile work environment. As a result, Plaintiff has not alleged a facially actionable Title VII claim. The Court will therefore grant Defendants' motion but will also grant Plaintiff leave to amend her complaint to cure this defect, if she can. Because Plaintiff can potentially avoid dismissal by amending her complaint, the Court will reserve ruling on the issues surrounding her state-law claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have ten days from the entry of this order to file an amended complaint.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of January, 2018.