UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JENNA MAULLER,                      )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   No. 4:17-CV-02219 JAR
                                    )
HEARTLAND AUTOMOTIVE                )
SERVICES, INC., d/b/a Jiffy Lube,   )
                                    )
and                                 )
                                    )
RAPHAEL DORIETY,                    )
                                    )
                                    )
        Defendants.                 )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Heartland Automotive Services, Inc., d/b/a Jiffy Lube's ("Heartland"), and Raphael Doriety's Motion to Dismiss Count II Against Heartland And to Dismiss Plaintiff's Request for Attorney Fees (Doc. 15), and Motion for Attorney Fees (Doc. 13). The motions are fully briefed. (Docs. 14, 16, 17, 18.)

### I.  Background

Plaintiff alleges the following facts: She was hired in August 2015 to work at the Jiffy Lube on North New Florissant Road in Florissant, Missouri, where Doriety was employed as a supervisor. (Doc. 10 at 2.) On August 25, 2015, "[a]fter making several sexually suggest[ive] comments to [Plaintiff], Doriety grabbed [Plaintiff's] breasts." (*Id.*) "Soon thereafter," Doriety asked Mauller to join him in the office at the Jiffy Lube. (*Id.*) When Plaintiff entered, Doriety closed and locked the door and positioned himself between Plaintiff and the exit. (*Id.* at 2-3.) Doriety intimated that he would help Plaintiff with payroll issues and schedule her for additional

hours in exchange for sexual favors. (*Id.* at 3.) He "then moved toward [Plaintiff] and unzipped the fly of his pants and said: 'I need some assistance.'" (*Id.*) Plaintiff asked Doriety to unlock the door, left work, and reported the incident to police. (*Id.*) She did not return.

On March 28, 2013, Plaintiff sued Defendants in state court. (Doc. 16-2.) She alleged that Heartland discriminated against her in violation of the Missouri Human Rights Act; that Doriety committed assault, battery, and false imprisonment under Missouri law; and that Heartland negligently failed to provide a safe workplace. (*See* Doc. 16-2.)[1] Defendants moved to dismiss Plaintiff's third count for lack of subject-matter jurisdiction, arguing that the Missouri Workers' Compensation Law preempts common-law tort claims against an employer. (Doc. 16-6.) Defendants later asked the court to alternatively construe its motion as a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings. (Doc. 16-3.) After briefing and oral argument on the motion, the court granted the motion and dismissed Plaintiff's tort-law claims against Heartland for failure to state a claim. (Docs. 16-3 to 16-7.) On Plaintiff's motion, the court dismissed the case without prejudice before trial. (Doc. 14-6.)

On August 7, 2017, Plaintiff filed this federal suit, advancing two claims: in Count I, she alleges discrimination under Title VII by Heartland; in Count II, she alleges state-law assault, battery, and false imprisonment by both defendants. (Doc. 1 at 3-5.) She seeks damages and attorney fees. (*Id.* at 5.)

Defendants moved to dismiss Plaintiff's Title VII claim and urged the court not to exercise supplemental jurisdiction over Plaintiff's remaining Missouri tort claims. (Doc. 5 at 6.) Defendants additionally argued that Plaintiff's state-law claims are barred by issue preclusion

---

[1] The Court notes that Plaintiff filed an initial and two amended complaints in state court. Because the state court judgment at the heart of Defendants' issue preclusion argument relates to Plaintiff's First Amended Complaint (Doc. 16-2), the Court cites that pleading. For purposes of this Motion, the differences between the complaints are not significant and are not considered.

and fail on the merits. (*Id.* at 7-8.) The Court granted the motion and dismissed Plaintiff's Title VII claim on the ground that she failed to allege that she gave Jiffy Lube its legally required notice and opportunity to address the harassment before filing suit. (Doc. 9.) The Court reserved ruling on the issues surrounding Plaintiff's state-law claims, and granted Plaintiff leave to file an amended complaint. (Doc. 9.) In her Amended Complaint, Plaintiff additionally alleges that she notified Jiffy Lube of the harassment through its online complaint procedure, and that she "was contacted by a representative of Jiffy Lube" thereafter. (Doc. 10 at 3, 8-9.)

Defendants now move to dismiss Plaintiff's state-law claims against Heartland on the basis of issue preclusion based on the state court's ruling that Plaintiff's tort claims were prohibited under Missouri law. (Doc. 16 at 3-5.) In addition, Defendants have filed their own Motion for Attorney Fees for the cost of defending Heartland against the state tort claims, arguing that those claims are frivolous in light of the state court's ruling. (Doc. 4.)

## II. Analysis

### a. Defendants' Motion to Dismiss Count II as against Heartland

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 768 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Defendants argue that the state court's order preclude Plaintiff from raising her state-tort claims against Heartland in this federal action. (Doc. 16 at 3-4.) Federal courts must look to state law to determine the preclusive effect of a state-court judgment on future federal suits.

*Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 374 (1985). Under Missouri's issue preclusion doctrine, a party may not raise an issue that is (1) identical to one raised in a prior proceeding; when (2) there was a judgment on the merits of the issue in the prior proceeding; (3) the precluded party was a party in the prior proceeding; and (4) had a full and fair opportunity in the prior proceeding to litigate the issue. *Woods v. Mehlville Chrysler-Plymouth*, 198 S.W.3d 165, 168 (Mo. Ct. App. 2006).

Plaintiff advanced the same state-law tort claims in state court against the same defendants as she does here. (*Compare* Doc. 10 *with* Doc. 16-3.) Nevertheless, Plaintiff asserts that her state-law tort claims are not precluded because the case was voluntarily dismissed without prejudice, meaning there was no judgment on the merits. (Doc. 17.) Defendants respond that Plaintiff's voluntary dismissal took place after the state court had already held that Plaintiff had failed to state a claim upon which relief on those claims could be granted. (Doc. 18 at 3-4; *see also* Doc. 16-4.)

The Court agrees with Defendants. "Principles of issue preclusion dictate that, even when a [case is dismissed] without prejudice, an issue specifically and necessarily decided by that court is final and may not be relitigated in a second action brought in a court of concurrent jurisdiction." *Bachman v. Bachman*, 997 S.W.2d 23, 25 (Mo. Ct. App. 1999), *opinion adopted and reinstated after retransfer* (Sept. 1, 1999). Such is the case here: Plaintiff's voluntary dismissal took place *after* the state court had dismissed the claims following full briefing and oral argument. (Docs. 16-4 to 16-7.) The state court therefore issued a final decision as to Plaintiff's state-law tort claims such that she may not relitigate them here.

Defendant also argues that Plaintiff cannot establish liability against Heartland under Count II because Doriety's alleged action was outside the scope of his employment. (Doc. 16 at

5-6.) Plaintiff responds that Heartland can be held liable because Doriety's misconduct was reasonably foreseeable. (Doc. 17 at 4-5.)

Missouri law supports Defendants' argument insofar as it does not impose liability on an employer for sexual harassment or assault committed against an employee by a coworker unless the plaintiff can show the coworker's conduct was in furtherance of the employer's business. *Cluck v. Union Pac. R. Co.*, 367 S.W.3d 25, 31, 31 n.5 (Mo. 2012). However, the Court is not persuaded by Defendants' argument that sexual harassment or assault are categorically outside the scope of employment or that Plaintiff's Amended Complaint lacks sufficient factual matter to state a plausible claim against Heartland based on Doriety's behavior. *See Iqbal*, 556 U.S. at 768. Said differently, the Court believes it would be premature at this early juncture to hold, as a matter of law, that Heartland cannot be held liable for Doriety's alleged behavior. In any event, the Court notes that it has already determined that Plaintiff cannot recover against Heartland on her state-tort claims because those claims are precluded by the state court's judgment.

### a. Defendants' Motion for Attorney Fees

Defendants also argue that they are entitled to attorney fees under Federal Rule of Civil Procedure 11, which authorizes the Court to sanction parties for bringing frivolous suits. (Doc. 14); Fed. R. Civ. P. 11(c). District courts are generally given wide latitude in deciding whether to impose discretionary sanctions. *See Meyer v. U.S. Bank Nat. Ass'n*, 792 F.3d 923, 928 (8th Cir. 2015). In addition, the Eighth Circuit regularly "approve[s] sanctions in cases where plaintiffs attempted to evade the clear preclusive effect of earlier judgments." *Id.* at 927. However, the Court does not believe Plaintiff's conduct rises to the level where a sanction is appropriate. Of note, the precluded count represents only half of Plaintiff's claims and relates to only one of the two defendants; Defendants would therefore be in court even if Plaintiff had

omitted this claim.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count II as Against Heartland (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Attorney Fees (Doc. 13) is **DENIED**.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of May, 2018.