UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNA MAULLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-02219 JAR |
| ) | |
| HEARTLAND AUTOMOTIVE ) | |
| SERVICES, INC., d/b/a Jiffy Lube, ) | |
| ) | |
| and ) | |
| ) | |
| RAPHAEL DORIETY, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Heartland Automotive Services, Inc., d/b/a Jiffy Lube, and Raphael Doriety's Amended Motion for Summary Judgment as to Count I. (Doc. 37.) Plaintiff Jenna Mauller has filed a Response in Opposition (Doc. 39), and Defendants have filed a Reply (Doc. 40).

### I. Background

Plaintiff alleges the following facts in her complaint: She was hired in August 2015 to work at the Jiffy Lube on North New Florissant Road in Florissant, Missouri, where Doriety was employed as a supervisor. (Doc. 1 at 2.) On August 25, 2015, "[a]fter making several sexually suggest[ive] comments to [Plaintiff], Doriety grabbed [Plaintiff's] breasts." (*Id.*) "Soon thereafter," Doriety asked Mauller to join him in the office at the Jiffy Lube. (*Id.*) When Plaintiff entered, Doriety closed and locked the door and positioned himself between Plaintiff and the exit. (*Id.*) Doriety intimated that he would help Plaintiff with payroll issues and

schedule her for additional hours in exchange for sexual favors. (*Id.* at 3.) He "then moved toward [Plaintiff] and unzipped the fly of his pants and said: 'I need some assistance.'" (*Id.*) Plaintiff asked Doriety to unlock the door, left work, and reported the incident to police. (*Id.*) She did not return.

In Count I of her complaint, Plaintiff accuses Defendants of sex discrimination under Title VII of the Civil Rights Act. (Doc. 1.) She also advances claims of assault, battery, and false imprisonment under Missouri law. (*Id.*) Shortly after Plaintiff filed suit, Defendants moved to dismiss the case, arguing among other things that Plaintiff had failed to file her lawsuit within ninety days of receiving a Notice of Right to Sue from the Employment Opportunity Commission ("EEOC"). (Doc. 5.) The Court granted that motion on the separate ground that Plaintiff had not given Defendants their statutorily required opportunity to address the harassment and dismissed the case without prejudice, granting Plaintiff leave to file an amended complaint. (Doc. 9.) The Court noted that timeliness was a factual inquiry not suitable for determination at the motion to dismiss stage. (*Id.*) Plaintiff filed an amended complaint. (Doc. 10.)

Defendants then moved for summary judgment on the amended complaint, reiterating their argument that the claim is untimely. (Doc. 21.) The Court ordered limited discovery on the issue of timeliness (Doc. 31), and Defendants have now filed an amended motion for summary judgment (Doc. 37).

## II. Legal Standards

### a. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if "there is no genuine issue as to any material fact and the moving

party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). In ruling on a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the non-moving party. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The evidence is not weighed and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

Once the moving party demonstrates that there is no genuine issue of material fact, the nonmovant must do more than show there is some doubt as to the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing a genuine factual dispute that must be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson*, 477 U.S. at 248). Judgment as a matter of law is appropriate only when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party." Fed. R. Civ. P. 50(a).

### b. Timeliness

Under 42 U.S.C. § 2000e-5(f)(1), Title VII plaintiffs must file suit within ninety days of receipt of their Notice of Right to Sue. *See also, Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). The Supreme Court and Eighth Circuit employ a rebuttable presumption "that a claimant receives correspondence from an agency three days after it was mailed." *Euell v. Potter*, No. 4:06-CV-1154 CAS, 2007 WL 1704934, at *3 n.2 (E.D. Mo. June 12, 2007).

"[T]he presumption of receipt can be rebutted with 'testimony or other admissible evidence from which it could be reasonably inferred either that the notice was mailed later than its typewritten date or that it took longer than three days' to reach the intended recipient." *Dewberry v. Alphapointe Ass'n for the Blind*, No. 05-0187CVWODS, 2005 WL 3479507, at *1 (W.D. Mo. Dec. 20, 2005) (quoting *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996)).

Title VII's time limitations are subject to equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990). "As a general rule, equitable tolling is a remedy reserved for circumstances that are 'truly beyond the control of the plaintiff.'" *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 797-98 (8th Cir. 1998) (quoting *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989)); *see also Lown v. Brimeyer*, 956 F.2d 780, 782 (8th Cir. 1992) (quoting *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir. 1990) ("Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands.")).

### III. Analysis

Defendants argue that Plaintiff should be presumed to have received the Notice on March 26, 2016, three days after it was mailed, and that therefore the deadline for filing was June 26, 2016, ninety days after the EEOC's Notice would have arrived at Plaintiff's home. Plaintiff filed suit on August 7, 2017. (Doc. 1.)

In support of their timeliness argument, Defendants attached a statement of uncontroverted material facts,[1] which sets out the following timeline:

- August 25, 2015, was Plaintiff's last day of work at Jiffy Lube.
- On October 24, 2015, Plaintiff filed a claim of discrimination against Defendants

---

[1] The Court notes that Plaintiff failed to file a response to Defendants' statement of uncontroverted material fact as required by Local Rule 7-4.01(E).

-4-

with both the EEOC and the Missouri Commission on Human Rights ("MCHR").

- On February 17, 2016, Plaintiff requested a Notice of Right to Sue from both the EEOC and the MHRC.
- On March 3, 2016, the Jefferson City office of the MCHR issued its Notice of Right to Sue and mailed copies to:
    - Plaintiff Jenna Mauller of Florissant, Missouri;
    - Plaintiff's attorney Joshua Avigad of St. Louis, Missouri;
    - Defendants' attorney Kimberly Jones of Kansas City, Missouri;
    - Defendant Raphael Doriety of Irving, Texas.
- Plaintiff received the MCHR Notice "on or about March 3, 2016."
- On March 23, 2016, the St. Louis District Office of the EEOC issued its Notice of Right to Sue and mailed copies to the same four addressees.
- On March 25, 2016, Defendants' attorney received the EEOC Notice sent.

(Doc. 38-1.) Defendants also present evidence that Plaintiff has lived at the Florissant address to which the EEOC Notice was mailed for the past ten years. (*Id.*)

In response, Plaintiff maintains that she did not receive the EEOC Notice until after her attorney submitted an in-person request at the St. Louis District Office on August 4, 2017. (Doc. 39 at 3; Doc. 29-2.) Specifically, she states in an affidavit that she "did not receive the Right to Sue letter from the EEOC on or about March 23, 2016." (Doc. 29-1.) With these two statements, Plaintiff implies that the original Notice was never delivered and that she filed within ninety days of her attorney obtaining the EEOC Notice by in-person request. Plaintiff also argues that Defendants' arguments should be barred because they are identical to those raised in Defendants' Motion to Dismiss. (Doc. 39.)

Defendants reply that Plaintiff's self-serving affidavit is insufficient to overcome the presumption that the Notice was delivered. (Doc. 40.) Defendants also argue that the Court's

- 5 -

order on their Motion to Dismiss does not preclude them from raising similar claims in a Motion for Summary Judgment. (*Id.*)

The Court finds that the three-day presumption should apply in this case. A number of uncontroverted facts support this finding. The Director of the St. Louis District Office of the EEOC stated under oath that Notices are rarely posted on a date other than the "Date Mailed" listed on the Notice and that in those rare instances, the Notice is mailed the following business day. (Doc. 38-5 at ¶ 13.) The EEOC Notice lists March 23, 2016, as the "Date Mailed." (Doc. 1-2.) The Court therefore concludes that copies of the Notice were sent no later than Thursday, March 24, 2016. Indeed, counsel for Defendants received a copy of the EEOC Notice at her Kansas City office on March 25, 2016. (Doc. 38-1.) Moreover, Plaintiff has been living at the address listed on the Notice for approximately ten years (*id.* at ¶ 17), routine EEOC procedure includes a second check to confirm that addresses are correct before they are mailed, and there is no evidence that the Notice sent to Plaintiff was returned to sender (*id.* at ¶¶ 14, 17).

The uncontested facts presented by Defendants lead the Court to conclude that Plaintiff should be presumed to have received a copy of the Notice no later than Monday, March 28, 2016 (three business days following the day after the "Date Mailed") and her complaint was therefore due on or before Monday, June 27, 2016. Unless Plaintiff can rebut the presumption of receipt "with 'testimony or other admissible evidence from which it could be reasonably inferred either that the notice was mailed later than its typewritten date or that it took longer than three days' to reach the intended recipient," her August 7, 2017, complaint was untimely. *Dewberry*, 2005 WL 3479507, at *1 (quoting *Sherlock*, 84 F.3d at 526); *Anderson*, 477 U.S. at 249 (holding that the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing a genuine factual dispute that must be resolved at trial).

Plaintiff offers very little evidence in rebuttal: Plaintiff submits only two pieces of affirmative evidence: her own affidavit and a written request for a Notice of Right to Sue from her attorney to the EEOC. The Court finds the affidavit of little use. In her briefing, Plaintiff states that "[she] did not receive the letter[,] as witnessed by the attached Affidavit." (Doc. 39.) The affidavit includes a single sentence relevant to the issue of timeliness: "By this Affidavit I make a binding declaration that I did not receive the Right to Sue letter from the EEOC *on or about March 23, 2016.*" (Doc. 29-1 (emphasis added).) This assertion rules out the unlikely possibility that she received the Notice on the "Date Mailed" but is otherwise unhelpful in determining whether the Notice was received at all. In any event, "it is black letter summary judgment law that a conclusory, self-serving affidavit will not defeat an otherwise meritorious summary judgment motion." *Keiran v. Home Capital, Inc.*, 858 F.3d 1127, 1132 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 981 (2018) (citing *Chavero-Linares v. Smith*, 782 F.3d 1038, 1041 (8th Cir. 2015).

Plaintiff also presents an August 4, 2017, request for a Notice of Right to Sue made by her attorney, purportedly hand-delivered to the St. Louis District Office of the EEOC (Doc. 29-2), which she describes as an "indication" that her attorney had not previously received the Notice. (Doc. 39 at 3.) The Court finds that counsel's request indicates that Plaintiff's attorney sought a Notice of Right to Sue on August 4, 2017, and nothing more. It certainly does not assist in determining whether Plaintiff or her attorney had previously received the Notice in the mail. Notably, neither Plaintiff nor her counsel makes any affirmative representation that her attorney did not receive the mailed Notice. In short, Plaintiff has not rebutted the presumption that she received the Notice shortly after it was mailed.

For similar reasons, the Court concludes that Plaintiff's pursuit of her EEOC claim was

not diligent enough to qualify for equable tolling. Plaintiff requested a Notice of Right to Sue from the EEOC on February 17, 2016. She claims that, because she never received a Notice in the mail, her attorney had to request one in person on August 4, 2017. That means that Plaintiff, by her own admission, allowed nearly eighteen months to pass before following up on her request. There can be no doubt that Plaintiff was aware of her potential claims because, in the meantime, she filed suit in state court on the same underlying facts. In short, Plaintiff's failure to meet the ninety-day EEOC deadline was not truly beyond her control.

As to Plaintiff's contention that Defendants are precluded from advancing their timeliness argument because doing so would be redundant in light of the Court's prior order granting their Motion to Dismiss, the Court is not persuaded. "The doctrine of the law of the case relied on by [Plaintiff] is a doctrine of discretion and provides that when a court decides a rule of law, that decision should govern the same issues in subsequent stages in the same case." *UniGroup, Inc. v. Winokur*, 45 F.3d 1208, 1211 (8th Cir. 1995). Put simply, a motion to dismiss is different from a motion for summary judgment in both legal standard and factual universe. As such, the Court's decision on the former does not govern the latter. This is especially true in this case, where the Court's earlier Order recognized that Plaintiff's claims regarding timeliness were "a factual matter that the Court is required to accept as true" for purposes of a motion to dismiss. (Doc. 9 at 3.) So while the allegations in Plaintiff's complaint were "sufficient . . . to survive dismissal as to the timeliness issue," they are not enough to avoid summary judgment when the Court is no longer required to accept them as true. In short, the Court in its discretion declines to invoke the law of the case doctrine here.

### IV. Conclusion

Even viewing the facts in the light most favorable to Plaintiff, the Court concludes that

she has failed to set forth affirmative evidence and specific facts showing a genuine factual dispute that must be resolved at trial. *Anderson*, 477 U.S. at 249. Short of accepting Plaintiff's unreasonable inferences as fact, which the Court is not required to do, *see, e.g., L.B. v. Missouri Dep't of Corr.*, No. 4:08CV2000 CDP, 2010 WL 4813791, at *1 (E.D. Mo. Nov. 19, 2010), the case could not reasonably be resolved in favor of Plaintiff, *see Anderson*, 477 U.S. at 250.

Given that Defendants are entitled to summary judgment on Plaintiff's only federal claim, the Court will not exercise its supplemental jurisdiction over her state law claims. Those claims will be dismissed without prejudice to refiling in state court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Heartland Automotive Services, Inc., d/b/a Jiffy Lube, and Raphael Doriety's Amended Motion for Summary Judgment as to Count I is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's remaining state law claims are **DISMISSED without prejudice**.

A separate judgment will accompany this order.

Dated this 19th day of February, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE